Raymond Arthur HUNTER, #73213, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14036.

Court of Criminal Appeals of Oklahoma.

March 8, 1967.

Raymond Arthur Hunter, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

. BRETT, Judge.

On July 21, 1966 the petitioner, Raymond Arthur Hunter, filed in this Court his petition for writ of habeas corpus and/or post conviction appeal. To his petition he attaches a copy of the case made in case No. C 1655 in the Superior Court of Comanche County, Oklahoma. This record shows that the defendant was charged with lewd molestation of a minor child, six years of age. He was tried before a jury and convicted, the jury fixing his punishment at a term in the state penitentiary of not less than six years, and not more than twenty years.

The case made filed herein seems to be a copy of the original, and is certified to only by the official court reporter, and does not show to have been filed in the Superior Court of Comanche County.

Petitioner states, and the record shows, that he was represented in his preliminary hearing, arraignment and trial by court appointed attorney; and the records show that this attorney, Lonny G. Long, on December 13, 1965, immediately after the verdict of the jury was read and accepted, gave notice in open court of intention to appeal to this Court.

Thereafter, on December 23, 1965, Attorney Melvin G. Mahannah, who petitioner states was retained, filed a motion for new trial, and written notice of intention to appeal. On the same day Attorney Long filed his motion requesting permission to withdraw as attorney of record for the defendant, and order permitting the attorney's withdrawal was entered.

On January 13, 1966 the motion for new trial was overruled, and judgment and sentence entered in keeping with the verdict of the jury.

There is nothing in the record before us to indicate that the State furnished the case made for the defendant, or why the appeal was not filed in this Court. All of the matters complained of by the petitioner were matters which could only be determined on appeal.

To the petition the Attorney General has filed a demurrer and response, wherein he states that even if the matters alleged by the petitioner were true, he has failed to state a cause of action for relief by either habeas corpus, or for a delayed appeal. Having carefully read and con-

sidered the petition, and the record submitted, we agree with the Attorney General's statement.

Having determined that none of the petitioner's constitutional or statutory rights were violated or denied; that the trial court had jurisdiction of the defendant and of the crime charged, and authority under the law to pronounce the judgment and sentence of the jury, the demurrer of the respondent is sustained, and the petition for writ of habeas corpus and/or post conviction appeal is denied.

NIX, P. J., and BUSSEY, J., concur.